## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Reit Properties LLC., an Indiana LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: |
| | ) | |
| Partners For Neighborhood Group, Inc., | ) | |
| an Illinois corporation, | ) | |
| and Varton Seferian, | ) | **JURY TRIAL DEMAND** |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Reit Properties LLC ( "Reit") for its Complaint against Partners For Neighborhood Group Inc. ("Neighborhood") and Varton Seferian ("Seferian"), states:

1.      Plaintiff Reit is an Indiana LLC.   Ms. Sandra  Reitsma is the sole member of Reit. Ms. Reitsma is an Indiana resident and citizen, and Reit's address and Ms. Reitsma's address is 11725 Upper Peninsula Lane, St. John, Indiana.

2.      Defendant Neighborhood is an Illinois corporation having its principal place of business at 6740 Lakeridge Drive, Long Grove, Illinois.

3.      Defendant Seferian  is an Illinois resident and citizen whose address is 6740 Lakeridge Drive, Long Grove, Illinois.

## JURISDICTION

4.      This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), because the amount in controversy exceeds $75,000, exclusive of interests and costs, and the action is between citizens of different states.

## VENUE

5.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) and (2), because Neighborhood resides in this district and a substantial part of the events that gave rise to Reit's claim occurred in this district.

## COUNT I
### (Reit's Breach Of Contract Claim Against Neighborhood For Breach Of A Promissory Note)

6.     Reit realleges and incorporates by reference paragraphs 1-5.

7.     On or about September 12, 2013, Reit and Neighborhood entered into a written contact.   (Exhibit 1, Promissory Note ("the Promissory Note")).

8.     Pursuant to the terms of the Promissory Note, Neighborhood agreed to repay Reit $180,000 that Reit had loaned to Neighborhood and pay interest at a rate of 10% per annum. (Exhibit 1 at ¶2).

9.     Pursuant to the terms of the Promissory Note, Neighborhood was to make monthly payments of $1,500.  (Exhibit 1 at ¶3(a)).

10.     Neighborhood has not made a monthly payment since June, 2013.

11.     Reit has performed all obligations required of it under the Promissory Note.

12.     Pursuant to ¶6(a) of the Promissory Note,  the failure to make the required payments when due followed by the failure to make such payment within seven days after written notice constitutes an event of default.

13.     On March 17, 2014 if not earlier, Reit provided Neighborhood with written notice of its default, and no payment has been made.

14.     Accordingly, the entire balance of the loan plus all accrued interest is now due. (Exhibit 1 at ¶6(b)(ii)).

15.     Reit is entitled to recover its reasonable attorneys fees.   (Exhibit 1 at ¶8)

Wherefore, Reit requests judgment in its favor and against Neighborhood in the amount of $180,000 in principal, its interest from June 2013 to the date of judgment at 10% per annum, an award of its attorneys fees, and all other relief that the Court deems just and proper.

## COUNT II
### (Reit's Claim Against Neighborhood and Seferian Pursuant to 720 ILCS 5/17-1(E))

16.     Reit realleges and incorporates by reference paragraphs 1-15.

17.     On October 15, 2013, Neighborhood and Seferian furnished Reit with a $10,500 check that was returned NSF. (Exhibit 2).

18.     On March 17, 2014 Reit demanded that Neighborhood and Seferian pay the amount of the check within thirty days.

19.     Neighborhood and Seferian have not done so.

20.     Accordingly, pursuant to 720 ILCS 5/17-1(E)), Neighborhood and Seferian are obligated to pay Reit $10,500 plus $1,500 in statutory damages, plus attorneys fees.

Wherefore, Reit requests judgment in its favor and against Neighborhood and Seferian in the amount of $12,000, an award of attorneys fees, and all other relief that the Court deems just and proper.

## COUNT III
### (Reit's Breach Of Contract Claim Against Neighborhood In Connection With the 5737 S. Winchester Avenue Property)

21.     Reit realleges and incorporates by reference paragraphs 1-20.

22.     On about May 12, 2011, Reit and Neighborhood entered into a contract  in connection with a property located at 5737 S. Winchester Avenue, Chicago, IL. (Exhibit 3, the "Winchester Contract").

23.     Pursuant to the Winchester Contract, Reit invested $63,750 and was to receive gross revenues derived the rental of the property minus deductions on a monthly basis. (Exhibit 3 at ¶5).

24.     Reit received only $9,800 in payments on the Winchester Contract and no payments since June 2013.

25.     Reit stands willing to return the $9,800 it has already received to Neighborhood.

26.     Reit has performed all obligations required of it under the terms of the Winchester Contract.

27.     Reit has received no accounting as to how much monies it should be paid on the Winchester Contract.

Wherefore, Reit requests judgment in its favor and against Neighborhood in the amount of $63,750, the amount of the initial investment, minus the $9,800 she has already received, as a rescissionary damage remedy. Alternatively, Reit requests a judgment in an amount to be determined at trial, an accounting, and all other relief that the Court deems just and proper.

**Jury Demand**

Plaintiff demands trial by jury on all issues triable to a jury.

Respectfully submitted,

ANDREW STAES
STEPHEN SCALLAN

Staes & Scallan, P.C.
111 W. Washington Street
Suite 1631
Chicago, Illinois 60602
(312) 201-8969